IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| Scrip Holding Corporation d/b/a Hessco Health Products, Inc., <br>     Plaintiff, <br><br> v. <br><br> Therequip, Inc.; David Schultz; Debra Schultz; Douglas Schultz; and Michael Peterson, <br><br>     Defendants. | FILED: SEPTEMBER 12, 2008 <br> Case No. 08CV5248 <br>     JUDGE DOW <br>     MAGISTRATE JUDGE DENLOW <br>     BR |

## COMPLAINT

Plaintiff, Scrip Holding Corporation (hereinafter "Scrip" or "Buyer") d/b/a Hessco Health Products ("Hessco"), by its attorneys, Connelly Roberts & McGivney LLC, for its Complaint against Therequip, Inc. ("Therequip"), David Schultz, Debra Schultz, Douglas Schultz, and Michael Peterson (collectively, the "Defendants") states:

### PARTIES

1. Plaintiff, Scrip is a Delaware Corporation with its principal place of business located at 360 Veterans Parkway, Suite 115, Bolingbrook, Illinois 60440.

2. Defendant Therequip is a Wisconsin Corporation with its principal place of business located at 2344 Highway 33, Saukville, WI, 53080.

3. David Schultz is an individual residing in the state of Wisconsin with the address 1012 13th Avenue, Grafton, Wisconsin, 53024. David Schultz was formerly the President of Therequip and was the owner and seller of 63 of 167 outstanding shares of Therequip at the time of the merger.

4. Debra Schultz is an individual residing in the state of Wisconsin and was the owner and seller of 25 of 167 outstanding shares of Therequip at the time of the Merger.

5. Douglas Schultz is an individual residing in the state of Wisconsin and was the owner and seller of 32 of 167 outstanding shares of Therequip at the time of the Merger.

6. Michael Peterson is an individual residing in the state of Wisconsin and what the owner and seller of 47 of 167 outstanding shares of Therequip at the time of the Merger.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, based on subject matter jurisdiction of the federal securities violations and pendant jurisdiction of the remaining claims by virtue of 28 U.S.C. §1367.

8. Venue is proper in this district, pursuant to 28 U.S.C. §1391(a)(2), given that a substantial part of the events giving rise to the claims occurred in this district.

## COMMON FACTUAL ALLEGATIONS

9. Prior to July 11, 2007 Scrip was the sole owner of all of the outstanding shares of Hessco.

10. On or about July 11, 2007, Scrip and the Defendants executed a Merger Agreement whereby Scrip d/b/a Hessco acquired Therequip. (A copy of the Agreement is attached hereto and incorporated herein as Exhibit A).

11. Article IV of the Agreement relates to "Additional Representations and Warranties of Sellers."

12. Specifically, Section 4.7 of the Agreement relates to Financial Statements and Financial Data and states that the financial statements submitted prior to execution of the Agreement were:

"…fairly present in all material respects the Company's financial condition, assets, and liabilities as of such date and the results of operations, retained earnings, cash flows and changes in financial position as of such date and for the periods covered thereby."
(See Exhibit A, page 9).

13. In Section 4.8 of the Agreement, the Defendants had asserted that Therequip did not "have any debts, liabilities or obligations of any nature affecting the Business or Assets." Additionally, the seller asserted "the Company has conducted the Business in the ordinary course of business." The Agreement states that in the "ordinary course of business," as Section 4.9(h) defines it, there has not been "any delay or postponement of any payment of any accounts payable or any other liability or obligation relating to the Business."

14. In Section 4.12(a) of the Agreement, the Defendants claimed that Therequip's contract list was a "true, correct, and complete list of all material contracts" and that Therequip was not bound by any such contract that "provides for the future receipt of, or payment by, the Company of more than Twenty Thousand Dollars ($20,000)."

15. Section 6.1 of the Agreement provides that the "representations and warranties" made by Therequip on July 11th, 2007 "survive the Closing for a period of eighteen (18) months."

16. Section 6.2 of the Agreement states: "each Seller agrees, jointly and severally, to indemnify and save [Scrip]…harmless from and against any and all liabilities, obligations, [and] deficiencies…suffered, sustained or incurred by any Holding Indemnified Party arising out of: (i) any inaccuracy in any of the representations or warranties of Sellers contained in Article 4 of this Agreement."

## COUNT I
## Violations of Section 10(b) of the Securities Exchange
## Act of 1934 [15 U.S.C § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]

17. Scrip incorporates by reference each and every allegation contained in paragraphs 1 through 16 as though fully stated herein

18. As set forth more fully above the Defendants directly or indirectly, by use of the means or instrumentalities of interstate commerce, or by the use of the mail, in connection with the purchase or sale of securities, have employed devices, schemes, or artifices to defraud, have made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or have engaged in acts, practices, or courses of business which operate or would operate as a fraud or deceit upon the plaintiffs.

19. Specifically, prior to the execution of the Agreement for the purchase of Therequip stock, on or about July 11, 2007, the Defendants knew, or through reasonable diligence should have known that, as of the date of the execution of the Agreement, they knew the existence of, and failed to disclose, the following:

   a. Outstanding liabilities for Accrued Commissions for employee and 1099 sales representatives in the amount of $117,521.00;

   b. Outstanding liabilities for Accrued Paid Time Off ("PTO"), thereby concealing a $101,185.25 liability owed its employees; and

   c. Outstanding liabilities for Accrued Payroll in the amount of $42,601.40.

20. In aggregate, the Defendants knowingly concealed $261,307.65 in outstanding liability prior to the execution of the said Agreement for the stock purchase of Therequip.

21. Through the Financial Statements and Financial Data, the Defendants used the aforementioned omissions of liabilities with the knowledge and intent that Plaintiffs would rely thereon, be deceived thereby, and to induce Scrip to purchase the stock the stock of Therequip in an amount exceeding $75,000.00 of actual value of Therequip.

22. Plaintiffs reasonably and justifiably relied on the false statements and omissions contained in the financial data and financial statements, and as a direct and proximate result, Scrip incurred damages in the following respects:

 a. Scrip overpaid for the acquisition of Therequip in reliance upon the material misrepresentations of their outstanding liabilities;

 b. Scrip has made multiple payments relating to the compensation of said outstanding liabilities in the form of payments to employees.

WHEREFORE, Plaintiff, Scrip Holding Corporation, requests that this Court enter a judgment in its favor and against the Defendants in an amount in excess of $75,000, to be proven at trial, plus prejudgment interest, and Scrip's costs of suit, including attorney's fees, and any other relief that this Court deems just and proper.

## COUNT II
### Fraud

23. Scrip incorporates by reference each and every allegation contained in paragraphs 1 through 22 as though fully stated herein.

24. Prior to the execution of the Merger Agreement on or about July 11, 2007, the Defendants knew, or through reasonable diligence should have known, of several liabilities which it had yet to disclose to Scrip including but not limited to funds related to accrued employee vacation or PTO, accrued employee commissions, and accrued employee payroll.

5

25. Specifically, prior to the execution of the Agreement on or about July 11, 2007, the Defendants knew, or through reasonable diligence should have known that, as of the date of the execution of the Agreement, they knew the existence of, and failed to disclose, the following:

   a. Outstanding liabilities for Accrued Commissions for employee and 1099 sales representatives in the amount of $117,521.00;

   b. Outstanding liabilities for Accrued PTO, thereby concealing a $101,185.25 liability owed its employees; and

   c. Outstanding liabilities for Accrued Payroll in the amount of $42,601.40.

26. In aggregate, the Defendants knowingly concealed $261,307.65 in outstanding liability prior to the execution of the said Agreement.

27. The Defendants' omission of the foregoing liabilities was a false statement of material fact intended to induce Scrip to execute the Merger Agreement.

28. Scrip relied upon the foregoing false statements or omissions of material fact when it executed the Agreement.

29. After the merger and upon further review of the Defendants' liabilities, Scrip discovered through examination of the corporate records that the Defendants had failed to disclose the foregoing liabilities. It was discovered by Scrip and admitted by Therequip President, David Schultz, that these employees had taken a "draw" on their commission, which allowed the Defendants to defer them at the time they were owed.

30. As a result of its reasonable reliance on the foregoing misrepresentations, Scrip incurred damages in the following respects:

   a. Scrip overpaid for the acquisition of Therequip in reliance upon the material misrepresentations of their outstanding liabilities;

    b. Scrip has made multiple payments relating to the compensation of said outstanding liabilities in the form of payments to employees.

WHEREFORE, Plaintiff, Scrip Holding Corporation, requests that this Court enter a judgment in its favor and against the Defendants in an amount in excess of $75,000, to be proven at trial plus prejudgment interest, and any other relief that this Court deems just and proper.

## COUNT III
### Breach of Contract

31. Scrip incorporates by reference each and every allegation contained in paragraphs 1 through 30 as though fully stated herein.

32. On or about July 11, 2007 the parties executed the Agreement.

33. As described above, multiple Sections of the Agreement provide for the full disclosure of liabilities to Scrip, including without limitations Sections 4.7, 4.8, and 4.12.

34. In addition, Section 6.2 states: "each Seller agrees, jointly and severally, to indemnify and save [Scrip]...harmless from and against any and all liabilities, obligations, [and] deficiencies...suffered, sustained or incurred by any Holding Indemnified Party arising out of: (i) any inaccuracy in any of the representations or warranties of Sellers contained in Article 4 of this Agreement."

35. Despite the representations to the contrary in the Agreement including but not limited to Sections 4.7, 4.8 and 4.12, at the time of the execution of the Agreement, the Defendants indeed had several liabilities which it failed disclose to Scrip including but not limited to funds related to accrued employee vacation or PTO, accrued employee commissions, and accrued employee payroll.

36. Specifically, the Defendants failed to disclose the following:

7

    a. Outstanding liabilities for Accrued Commissions for employee and 1099 sales representatives in the amount of $117,521.00;

    b. Outstanding liabilities for Accrued PTO, thereby concealing a $101,185.25 liability owed its employees; and

    c. Outstanding liabilities for Accrued Payroll in the amount of $42,601.40.

37. In aggregate, the Defendants failed to disclose $261,307.65 in outstanding liability prior to the execution of the said Agreement. Said failure to disclose constitutes a breach of the Agreement.

38. As a result of the foregoing breach, Scrip incurred damages in the form of the added value which Scrip paid for the merger that was adversely affected by the lower number represented for liabilities of Therequip in addition to the liabilities which Scrip has had to pay to the employees which should have been paid for by the Defendants.

WHEREFORE, Plaintiff, Scrip Holding Corporation, requests that this Court enter a judgment in its favor and against the Defendants in an amount in excess of $75,000 plus prejudgment interest, to be proven at trial, and any other relief that this Court deems just and proper.

                                      Respectfully submitted,

                                      **SCRIP, INC.**

                                      By:/s/Matthew P. Connelly
                                         One of its attorneys

Matthew P. Connelly
Jeffrey J. Scolaro
Connelly Roberts & McGivney LLC
55 W. Monroe, Ste. 1700
Chicago, IL 60603
312-251-9600